Israel Balanovski v. Commissioner. Samuel Bernardo Horenstein v. Commissioner.
Balanovski v. Commissioner
Docket Nos. 50108, 50963.
United States Tax Court
T.C. Memo 1959-48; 1959 Tax Ct. Memo LEXIS 200; 18 T.C.M. (CCH) 225; T.C.M. (RIA) 59048; March 10, 1959
Donald L. Stumpf, Esq., 165 Broadway, New York, N. Y., for the petitioners. Clarence P. Brazill, Jr., Esq., for the respondent. KERN
Memorandum Findings of Fact and Opinion KERN, Judge: In Docket No. 50108 respondent on May 19, 1953, determined a deficiency in the Federal income tax of petitioner Balanovski for the year 1947 in the amount of $3,187,550.90, with the notation in the statement attached to the notice of deficiency to the effect that "[jeopardy] assessment of $3,028,099.95 of the deficiency determined herein, plus interest as provided by law was made on Lower Manhattan Special No. 3 list, dated May 8, 1953." In Docket No. 50963 respondent determined on the same date a deficiency in the Federal income tax of petitioner Horenstein for the year 1947 in the amount of $1,317,990.86 with a similar *201 notation except that the amount of the jeopardy assessment was stated to be $1,277,685.21. The two cases have been consolidated for hearing and opinion. In each case respondent determined that petitioner was "a non-resident alien engaged in a trade or business in the United States during the year 1947 within the meaning of the Internal Revenue Code," and that "[income] * * * received from sources within the United States in the year 1947 * * * is held to be includible in your taxable income pursuant to the provisions of the Internal Revenue Code." The amounts of such income were determined to be $6,210,961.77 in Docket No. 50108 and $1,552,740.44 in Docket No. 50963. The allegations of error in the petition filed on October 6, 1953, in Docket No. 50963 read as follows: "(a) The Commissioner erred in determining that petitioner was subject to the income tax laws of the United States. Neither petitioner nor the partnership of which he is a member was subject to the income tax laws of the United States. "(b) The Commissioner erred in determining that the transactions of petitioner or of the partnership of which he is a member resulted in taxable income under the laws of the *202 United States. The proceeds of such transactions did not result in taxable income under the laws of the United States and did not constitute income from sources within the United States. "(c) The determination of the Commissioner if not set aside herein deprives petitioner of property without just compensation in violation of the Fifth Amendment to the Constitution of the United States and other provisions of said Constitution. "(d) The Commissioner erred in making the alleged assessment for the reason that there is pending an action for, among other things, the same alleged income taxes for the same period here involved in the District Court of the United States for the Southern District of New York, entitled 'UNITED STATES OF AMERICA, Plaintiff, v. ISRAEL BALANOVSKI, ALICE DEVINE, SAMUEL BERNARDO HORENSTEIN, COMPANIA ARGENTINA DE INTERCAMBIO COMERCIAL, I. BALANOVSKI Y CIA. (sometimes called "CADIC"), a co-partnership, BROWN BROTHERS HARRIMAN & COMPANY, a co-partnership, and MARINE MIDLAND TRUST COMPANY OF NEW YORK, a corporation, Defendants.'" The allegations of error in the petition filed on August 14, 1953, in Docket No. 50108 are identical except there is an additional *203 allegation of error reading as follows: "(d) The Commissioner erred because the alleged assessment was not made within the period or periods provided in Section 275 of the Internal Revenue Code and is therefore invalid and barred." *
No reference to this additional allegation of error or to the allegation of error relating to the Fifth Amendment to the Constitution was made at the trial herein or on brief, and it is therefore assumed that any issues arising therefrom have been abandoned. On March 9, 1955, the parties to these proceedings moved that they be placed on the reserve calendar "for the reason that in an action pending in the District Court for the Southern District of New York entitled 'UNITED STATES OF AMERICA, Plaintiff, v. ISRAEL BALANOVSKI, ALICE DEVINE, SAMUEL BERNARDO HORENSTEIN, et al., Defendants', there were presented for decision the identical questions of fact and law raised herein, which action has been tried but not decided, and the determination of which will obviate, *204 or at least greatly simplify, a trial herein." These motions were granted. On October 2, 1957, the proceedings were restored to the regular trial calendar upon motions of respondent which stated that the United States District Court case referred to above "has been decided, appealed to the Circuit Court and certiorari has been denied by the Supreme Court of the United States." On December 23, 1957, respondent by leave of Court filed amendments to answers alleging as follows: "7. A final judgment on the merits was entered in the case of U.S. v. Balanovski (CA 2nd, 1956) 236 Fed. (2d) 298, cert. den. (1957) 1 Led. 2nd 322 [352 U.S. 968]; rehearing denied (1957) I Led. 2nd 561 [352 U.S. 1019]. "8. The issues raised in the present case are identical with the issues raised and decided in U.S. v. Balanovski, supra. "9. The petitioners herein are the same petitioners as in the case of U.S. v. Balanovski, supra. "10. The controlling facts and applicable legal principles in U.S. v. Balanovski, supra, are identical to the controlling facts and applicable legal principles in the present case and have *205 remained unchanged. "11. The respondent alleges that U.S. v. Balanovski, supra, bars as a matter of law by res judicata consideration of the merits of petitioner's present appeal, and is conclusive of all matters and issues raised in the present controversy." The parties have filed herein a stipulation of facts together with certain exhibits. We find the facts to be as stipulated. The parties herein were the parties in interest in the case of United States v. Balanovski referred to above, which was commenced on April 6, 1949; the taxes involved in that litigation included those involved herein; the issues advanced on their merits herein were considered and decided in that litigation; and the Court considering that litigation had jurisdiction thereof and entered final judgment on October 30, 1956, disposing of those issues. Petitioners do not dispute these facts, but urge that the "doctrine of 'res judicata' is not applicable to the instant cases" because "[the] principle should never be applied in cases which are contiguous in time" and "[here] these cases were pending when the Court of Appeals handed down its decision." This argument is without merit. See *206 Old Colony Trust Co. v. Commissioner, 279 U.S. 716. Upon the issue of res judicata we decide in favor of respondent. Decisions will be entered for respondent. Footnotes
*. Previous paragraph was deleted and the above new paragraph was added by an official order of the Tax Court, dated March 11, 1959 and signed by Judge Kern↩.